IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                       **No. 5:14-CR-0135 RB**

**EDIBERTO D. GUZMAN,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion Concerning Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) (Doc. 76). Plaintiff requests that the Court deny Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) Based on Amendment 782 to United States Sentencing Guidelines § 2D1.1. (Doc. 74.) Counsel for Defendant takes no position on Plaintiff's motion. Having considered the arguments of the parties, relevant law, and being otherwise fully informed, the Court will grant Plaintiff's motion and deny Defendant's motion.

**I.    Background**

On January 15, 2014, Defendant was charged with conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. (Doc. 1.) On April 24, 2014, Defendant pleaded guilty pursuant to a plea agreement. (Doc. 41.) In the plea agreement, the parties stipulated that the appropriate sentence was 48 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). (Doc. 40.) On June 26, 2014, Defendant was sentenced to 48

months imprisonment, to be followed by three years supervised release.  (Doc. 58.)

On July 15, 2015, Defendant moved the Court to reduce his sentence to the greatest extent possible.  (Doc. 74.)  On August 26, 2105, the United States Probation Office issued a memorandum that concluded Defendant was not eligible for a sentence reduction because the sentence was based on a stipulation pursuant to Rule 11(c)(1)(C), and not on the guidelines.  Specifically, the United States Probation Office determined that the 2014 amendment to U.S.S.G. § 2D1.1 would reduce Defendant's base offense from 27 to 25.  An offense level of 25 with a criminal history category of II results in a guideline imprisonment range of 57 to 71 months.  Because Defendant was sentenced to a specific term of 48 months, his sentence was not based on his offense level under the guidelines and he is not eligible for a reduction.

**II.     Discussion**

A district court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."  *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).  A district court may reduce the sentence "of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  A sentence reached through a Rule 11(c)(1)(C) plea agreement can be "based on" the guidelines for purposes of Section 3582(c)(2).  *See Freeman v. United States*, 131 S.Ct. 2685 (2011) (plurality opinion).  However, in order for a sentence to be based on the guidelines, the guidelines range must be evident from the agreement itself.  *Freeman*, 131 S.Ct. at 2697; *United States v. Graham*, 704 F.3d 1275, 1278 (10th Cir. 2013) (stating that Justice Sotomayor's concurrence in *Freeman* "represents the Court's holding").  The test for whether a stipulated sentence was "based on" the guidelines is whether the parties expressly refer to the guidelines in the plea agreement to establish the Rule 11(c)(1)(C)

stipulated sentence, and not on whether the stipulated term was within the advisory sentencing range.  *Freeman*, 131 S.Ct. at 2697.

In this case, the parties stipulated to a term of 48 months imprisonment in the plea agreement.  (Doc. 40.)  The guidelines range was not reflected in the plea agreement.  (*Id*.)  According to the Supreme Court in *Freeman*, the Court must look to whether the parties expressly based the sentence of 48 months on the guidelines in the plea agreement.  *Freeman*, 131 S.Ct. at 2697.  The stipulated term is less than the applicable guideline range and there is no express indication in the plea agreement that the stipulated term was based on the guidelines.  (Doc. 40.)  Therefore, the 2014 amendment to U.S.S.G. § 2D1.1 does not affect the stipulated sentence imposed, and Defendant is statutorily ineligible for a modification of his sentence under Section 3582(c)(2).

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion Concerning Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582(c)(2) Regarding Drug Quantity Table (Doc. 76) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) Based on Amendment 782 to United States Sentencing Guidelines § 2D1.1 (Doc. 74) is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**